---

(Summit County Common Pleas.)
April Term, 1901.
NATHAN M. BERK v. ADOLPH HIRSCH, ASSIGNEE OF EDWARD LEOPOLD.

---

(1) A transfer and bill of sale of goods, part of which were merchandise, made in consideration of a past debt, and within less than ninety days before an assignment for creditors by vendor constitutes a conveyance fraudulent as to creditors.

(2) A chattel mortgage of goods, part of which were merchandise, the goods remaining in the possession of the mortgagor with power to sell, the mortgage not being filed for record until after the goods had passed from the mortgagor's possession to a third party, is void as to the mortgagor's creditors.

(3) The insolvent laws of Ohio an abrogated and superceded by the bankruptcy laws of the United States only in case of an application of the insolvent debtor for a discharge in bankruptcy; otherwise they remain in force.

(4) The probate court has jurisdiction of an action brought by an assignee for creditors to recover the possession of assets of the insolvent conveyed by the insolvent in fraud of creditors, and to adjudge such conveyance and a chattel mortgage on the same goods to be fraudulent as to the insolvent's creditors.

Hayden, J.

This case was submitted to me on a petition in error from the probate court, and the agreed statement of facts which was embodied in the bill of exceptions.

The case was heard in the probate court upon this agreed statement of facts, and in the petition it is alleged, as grounds of error, that the probate court erred in entertaining jurisdiction of the subject matter of this action; and for a second ground, that said court erred in its holding that this defendant had no lien on the property of the said Edward Leopold; and that said court erred in holding that the mortgage given to said Nathan M. Berk, executed by the defendant Leopold, was void and of no effect and constituted no lien or charge on the goods and chattels described therein. These are the principal grounds of error stated in the petition in error.

The judgment of the probate court, of which complaint is made, was, in substance, that the court has full and complete jurisdiction of the matters at issue herein, and that he court finds upon the facts so agreed upon that the mortgage referred to in said statement, executed by the defendant, Edward Leopold, to the defendant, Nathan M. Berk, is void and of no effect and constitutes no lien upon the goods and chattels described herein.

That agreed statement of facts upon which the case was heard in probate court and embodied in the bill of exceptions herein, states, in substance, that it was agreed by and between the parties that Edward Leopold was engaged in the retail business in the city of Akron at the time of the execution of his mortgage to the plaintiff in error, Nathan M. Berk, and continuously from that time until the 14th day of August, 1899; and that on the 22nd day of June, 1899, he conveyed the goods and chattels described in the mortgage to the defendant, Nathan Berk. (A copy of that mortgage is attached and made a part of this agreed statement of facts and bill of exceptions.) That that mortgage was in consideration of a loan to said Leopold of $150.00, and at the time said loan and said mortgage was made it was agreed between the parties that said mortgage should be kept from the public files, that the lard mentioned in said mortgage was merchandise, that the said Edward Leopold remained in the open and notorious possession of said goods and chattels until the 14th day of August, 1899, when the same were abandoned by him, and possession thereof taken by the defendant, Joseph Leopold, in whose possession said goods and chattels still remain; and that said Berk filed his mortgage on the 15th day of August, 1899, at 8.33 a. m.; that a bill of sale of said goods was executed on August 15th, 1899, at one p. m., from Edward Leopold to Joseph Leopold for said goods and chattels in consideration of a past debt; that at the time of the execution of said mortgage, 'said Edward Leopold was insolvent with assets amounting to about $1,000, and liabilities in the sum of about $3,000, and was unable to meet his obli-

[COPYRIGHT, 1901, BY CARL G. JAHN

gations as they fell due. And further it is agreed that said Edward Leopold made an assignment to the plaintiff, Hirsch, for the benefit of Leopold's creditors on the 6th day of September, 1899, and that said deed of assignment was filed in the probate court of Summit county on that day. That there is due said Nathan M. Berk, under the terms of his mortgage, the sum of $97, with interest at six per cent. from June 22nd, and the chattel mortgage, which is attached, shows that part of the mortgaged property was a stock of lard, which it is agreed was merchandise, and said mortgage provides that said mortgaged property shall remain in the possession of the mortgagor, and there is no restriction upon this power to sell the same.

I find from the facts as they are agreed and set out in the bill of exceptions that the conveyance or transfer of property from Edward Leopold to Joseph Leopold of August 14, 1899, and followed on the next day by a bill of the same goods, and which remained in the possession of Joseph Leopold up to the time of the assignment made, at all events was a transfer and conveyance in fraud of the rights of the creditors of Edward Leopold, and especially so as the same was followed by an assignment by Edward Leopold for the benefit of his creditors within less than ninety days after such transfer, which transfer of the property was in consideration of a past debt and that only, and is one of the acts which constitute a conveyance fraudulent as against creditors; and further that the mortgage was one conveying goods and property, a part of which was merchandise, and that it remained in the possession of the mortgagor with power to sell, which also would render the mortgage void as against creditors, and that the mortgage of the plaintiff in error, Nathan M. Berk, was never filed for record or for the purpose of creating a lien as against third parties until after all the property described in the chattel mortgage had passed from the possession of the mortgagor, Edward Leopold, and for these reasons I hold that the chattel mortgage given by Edward Leopold to the plaintiff in error, Nathan M. Berk, created no lien upon the property therein described and is void as against creditors of Edward Leopold.

It is urged in argument that the assignment laws and insolvent laws can have no force or effect and no application in a case of this kind because of the fact, as it is claimed, that the bankruptcy laws of the United States have superceded and abrogated the insolvent laws of the state of Ohio. This I do not find to be the case. The insolvent laws of the state of Ohio

are abrogated and superceded only in case of application of the insolvent debtor for a discharge in bankruptcy. Whenever the jurisdiction of the United States court is invoked by such application, then the United States laws on the subject of bankruptcy do supercede and set aside and abrogate our insolvent laws and the laws relating to assignments, but only in that case. So I find that the probate court had jurisdiction of this action and proceeding, and I further find that there was no error in the judgment and proceedings of the probate court, and judgments will, therefore, be affirmed and is affirmed.

I further find that there was reasonable ground for the proceedings in error, and therefore no penalty will be assessed.

*W. E. Slabaugh*, for Defendant.
*S. G. Rogers*, for Plaintiff.